NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DUNCAN ROY; et al, | ) Case No. CV 12-09012 BRO (FFMx) |
| Plaintiffs, | ) |
| vs. | ) ~~(PROPOSED)~~ ORDER RE: **STIPULATED PROTECTIVE ORDER FOR DHS PRODUCTIONS** |
| COUNTY OF LOS ANGELES; et al, | ) |
| Defendants. | ) |

The parties' joint request for a stipulated protective order is hereby GRANTED, pursuant to the terms set forth herein:

## I.     PURPOSES AND LIMITATIONS

The response of non-party Department of Homeland Security (DHS) to the January 30, 2015 Subpoena to Produce Documents ("the Subpoena") served by Plaintiffs in this action is likely to involve production of confidential or privileged information, including law enforcement sensitive information and information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, and the Immigration and Nationalization Act, for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the Parties and DHS hereby stipulate to and petition the Court to enter this Stipulated Protective Order for DHS Productions.  This Stipulated Protective Order for DHS Productions applies only to the response of non-party DHS

to the Subpoena and does not apply to information produced by the Parties during the course of other discovery. DHS and the Parties acknowledge, as set forth in Section XII(c) below ("Filing Protected Material"), that this Stipulated Protective Order does not entitle them to file confidential information under seal.  By agreeing to entry of this Stipulated Protective Order, the Parties and non-party DHS agree that any production from non-Party DHS of Subpoena Material, whether designated as CONFIDENTIAL Information or not, will be served on all Parties to this action.

**II.     DEFINITIONS**

a.     <u>Challenging Party</u>:  A Party that challenges the designation of information or items under this Order.

b.     <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

c.     <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

d.     <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

e.     <u>Party</u>:  Any party to this action.

f.     <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

g.     <u>Protected Material</u>:  Any Subpoena Material that is designated as "CONFIDENTIAL."

h.     <u>Receiving Party</u>:  A Party that receives Subpoena Material from DHS.

i.     <u>Subpoena Material:</u>  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other

things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to the Subpoena.

## III.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## IV.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until DHS agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**V.    DESIGNATING PROTECTED MATERIAL**

　　a.    <u>Manner and Timing of Designations.</u>

DHS should use its best efforts to clearly designate Subpoena Material that qualifies for protection under this Order before the material is disclosed or produced. Designation in conformity with this Order requires:

　　(1)    <u>For information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that DHS affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, DHS also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

If DHS makes original documents or materials available for inspection it need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, DHS must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, DHS must affix the appropriate "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, DHS also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

　　(2)    <u>For testimony given during a deposition</u> ~~or in other pretrial or trial proceedings~~ **(FFM)**, DHS or any Party may designate a deposition or portion thereof as "Confidential" by doing so on the record at the deposition or by serving written notice of the page and line of the confidential deposition portions.  Such designations must be made within twenty (20) days of receiving the final transcript. Until the aforesaid period to designate the deposition has passed, the entire transcript

shall be deemed as Confidential Information under the terms of this Agreement. DHS or a Party may also orally designate testimony during the course of a deposition by making a statement to that effect, on the record at the deposition. In this case, the court reporter shall transcribe the designated pages in a separate volume marked with the appropriate designation. Any individual attending the deposition must leave the room prior to discussion of whether material is designable if that person is not authorized to view Confidential Information under the terms of this Order.

(3 (2) <u>For information produced in some form other than documentary and for any other tangible items</u>, that DHS affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, DHS, to the extent practicable, shall identify the protected portion(s).

c. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive DHS's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

a. <u>Timing of Challenges</u>: Any Party may challenge a designation of confidentiality at any time, but no later than seven (7) days before the date of hearing or trial. Unless a prompt challenge to DHS's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b. <u>Meet and Confer</u>: The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a

challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue attempted within the normal business day (9:00 a.m. to 5:00 p.m., Monday through Friday, Eastern time) of counsel for the parties; other forms of communication are not sufficient) within ten (10) business days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give DHS an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

        c.      <u>Judicial Intervention</u>:  If the Parties cannot resolve a challenge without court intervention after a good-faith effort to resolve the disagreement, either DHS or the Challenging Party may apply to the Court for a ruling that the Confidential Material objected to shall (as applicable) be treated or not treated as Confidential. Until this Court enters an order determining the status of the information whose designation under this Order is being objected to, such material shall be treated as designated under this Order, unless the Parties otherwise agree by written stipulation.

        The burden of persuasion in any such challenge proceeding shall be on DHS.

## VII.   ACCESS TO AND USE OF PROTECTED MATERIAL

        a.      <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by DHS in connection with the Subpoena only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section XII(d) below ("Return of Documents").

        Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons

authorized under this Order.

b.   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(1)   Counsel of record in this action;

(2)   Secretarial, clerical, or paralegal personnel employed full-time or part-time by counsel of record for a Party, provided such counsel deems the disclosure reasonably necessary for the conduct of this litigation.

(3)   The Parties to this action and those employees, officers, and directors of the parties who reasonably need access to the Confidential Information in connection with and to assist with the prosecution or defense of this action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(3)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(4)   The Court (whether District or Appellate) and its personnel;

(5)   Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(6)   During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by DHS or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(7)     Any mediator who may be selected jointly by the parties to provide mediation services.

## VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or court order issued in other litigation that compels disclosure of any information designated in this action as "CONFIDENTIAL," that Party must:

a.     Notify DHS in writing within three (3) days of service of the subpoena. Such notification shall include a copy of the subpoena or court order;

b.     Notify in writing within three (3) days of service of the subpoena the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order for DHS Productions; and

c.     Cooperate with respect to all reasonable procedures sought by DHS, whose Protected Material may be affected.

If DHS timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained DHS's permission. DHS shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions shall be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## X.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify DHS in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all

unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When DHS gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## XII.  MISCELLANEOUS

a.     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

b.     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

c.     <u>Filing Protected Material</u>.  Any information, document, or material designated by DHS as Confidential Information is not automatically subject to being filed solely under seal.  DHS and the Parties agree that any Confidential Information that is deemed not suitable for public filing may be filed under seal.  When a Party

seeks to file any information, document, or material that contains information that has been designated as Confidential Information, the Party must lodge the document with the court and may not file it publicly, and must notify DHS. If DHS believes that any information, document, or material designated as Confidential Information that has been lodged with the court should not be filed publicly, DHS has the affirmative obligation to identify the specific information, document, or material that it believes should not be filed publicly.  Within eight (8) business days, DHS and the Parties shall file a stipulation, and append unsealed versions of the documents with redactions of any information, document, or material deemed not suitable for public filing.  If DHS or another Party objects to such a designation, DHS and the Parties will schedule a meet and confer in an effort to resolve any dispute prior to raising the issue with the Court.  The Court retains sole discretion over whether lodged documents may be filed under seal.

       d.    <u>Return of Documents</u>.  Within three (3) months of the conclusion of this litigation (commencing from the date on which the time for filing an appeal from entry of judgment with no Party taking an appeal, or in the event an appeal is taken, from the date of exhaustion of any and all appeals), all materials that continue to be designated as Confidential Information and all copies thereof shall either be returned to DHS or destroyed.  A Party who elects to destroy the copies shall submit a certification to DHS, attesting that all copies were destroyed, within fourteen (14) days of the destruction of the copies.  In no event may any materials that continue to be designated as Confidential Information or any copies thereof – obtained in connection with this litigation – be used in any other litigation against the federal government, its agencies or department, or any of its agents or officers in their official or individual capacity.  Copies that contain markings constituting attorney work product need not be returned or destroyed, provided they remain subject to the provisions of this Protective Order.

/ / /

e.      <u>Use at Trial</u>.  In the event any Party desires to exhibit documents or disclose material covered under this stipulation to witnesses during trial or pretrial proceedings, such Party shall meet and confer with opposing counsel and DHS to reach an agreement, in accordance with the Court's rules and procedures, on an appropriate method for disclosure. If the Parties and DHS cannot reach an agreement, the dispute shall be submitted to the Court.

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED:  April 2, 2015

By <u>/S/ FREDERICK F. MUMM</u>
Frederick F. Mumm,
United States Magistrate Judge

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, [full name] _____ , of [employer or full address] _____ , declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the _____ on [date] _____, in the case of _____.  I agree to comply with and to be bound by all of the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the _____, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint [name] _____ of [full address and telephone number] _____ as my _____ agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date:

City and State where sworn and signed:

Printed Name:

Signature: