PETER J. ELIASBERG SBN 189110
*peliasberg@aclusocal.org*
AHILAN ARULANANTHAM SBN 237841
*aarulanantham@aclusocal.org*
PETER BIBRING SBN 223981
*pbibring@aclusocal.org*
JENNIFER PASQUARELLA SBN 263241
*jpasquarella@aclusocal.org*
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Phone: (213) 977-9500
Facsimile: (213) 977-5299

Attorneys for Plaintiffs
(continued on next page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

DUNCAN ROY; et al.,

Plaintiffs,

vs.

LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; et al.,

Defendants.

---

GERARDO GONZALEZ; et al.,

Plaintiffs,

vs.

IMMIGRATION AND CUSTOMS ENFORCEMENT; et al.,

Defendants.

Case No. CV 12-09012 BRO (FFMx)
Consolidated with:
Case No. CV 13-04416 BRO (FFMx)

Honorable Beverly Reid O'Connell

**DECLARATION OF JENNIFER PASQUARELLA IN SUPPORT OF GONZALEZ PLAINTIFFS' SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT; EXHIBITS**

Hearing Date: July 24, 2017
Hearing Time: 1:30 PM
Courtroom: 7C

Oral Argument Requested

BARRETT S. LITT SBN 45527
*blitt@kmbllaw.com*
LINDSAY B. BATTLES SBN 262862
*lbattles@kmbllaw.com*
KAYE, MCLANE, BEDNARSKI, & LITT
234 E. Colorado Boulevard
Pasadena, California 91101
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

OMAR C. JADWAT, *pro hac vice*
*ojadwat@aclu.org*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004
Telephone: (212) 549-2660

CECILLIA D. WANG SBN 187782
*cwang@aclu.org*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0775

CHRIS NEWMAN SBN 255616
*newman@ndlon.org*
JESSICA KARP BANSAL SBN 277347
*jbansal@ndlon.org*
NATIONAL DAY LABOR ORGANIZING NETWORK
675 S. Park View Street, Suite B
Los Angeles, California 90057
Telephone: (213) 380-2785
Facsimile: (213) 380-2787

MARK M. FLEMING, pro hac vice
*mfleming@heartlandalliance.org*
NATIONAL IMMIGRANT JUSTICE CENTER
208 S. LaSalle Street, Suite 1300
Chicago, IL 60604
Telephone: (312) 660-1628
Facsimile:(312) 660-150

**DECLARATION OF JENNIFER PASQUARELLA**

I, Jennifer Pasquarella, hereby declare:

1. I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently as follows:

2. I am an attorney at the ACLU of Southern California and am one of the attorneys for Plaintiffs in this action. I have personal knowledge of each fact stated in this declaration.

3. Attached as Exhibit 1 is a true and correct copy of Plaintiff Gerardo Gonzalez's Birth Certificate.

4. Attached as Exhibit 2 is a true and correct copy of the detainer ICE placed on Plaintiff Gonzalez.

5. Exhibit 3 will be filed under seal.

6. Attached as Exhibit 4 is a true and correct copy of Plaintiff Gonzalez's Declaration in Support of Plaintiffs' Motion for Class Certification.

7. Attached as Exhibit 5 is a true and correct copy of criminal history information for Plaintiff Gonzalez.

8. Exhibit 6 will be filed under seal.

9. Exhibit 7 will be filed under seal.

10. Attached as Exhibit 8 is a true and correct copy of excerpts from the ICE Headquarters and Law Enforcement Support Center (LESC) 30(b)(6) deposition of Marc Rapp, taken on March 10, 2016.

11. Attached as Exhibit 9 is a true and correct copy of Plaintiff Simon Chinivizyan's U.S passport, issued November 2008.

12. Attached as Exhibit 10 is a true and correct copy of the detainer ICE placed on Plaintiff Chinivizyan.

13. Attached as Exhibit 11 is a true and correct copy of the current detainer form, the I-247A, released in April 2017.

14. Attached as Exhibit 12 is a true and correct copy of the 2011 version, the 2012 version, the June 2015 I-247D version, and the August 2015 I-247X version of the ICE detainer form.

15. Attached as Exhibit 13 is a true and correct copy of Department of Homeland Security Jeh Johnson's memo regarding Secure Communities on November 20, 2014.

16. Attached as Exhibit 14 is a true and correct copy of the Department of Justice and Department of Homeland Security Fact Sheet: IDENT and IAFIS Interoperability.

17. Attached as Exhibit 15 is a true and correct copy of ICE's Secure Communities Standard Operating Procedures.

18. Exhibit 16 will be filed under seal.

19. Attached as Exhibit 17 is a true and correct copy of CJIS Advisory Policy Board (APB) Identification Services (IS) Subcommittee Staff Paper (October 22, 2008, received in response to a Freedom of Information Act request to ICE and the FBI by the National Day Laborer Organizing Network, one of the organizations representing Plaintiffs in this matter.

20. Exhibit 18 will be filed under seal.

21. Attached as Exhibit 19 is a true and correct copy of excerpts from the deposition of Director of ICE's Pacific Enforcement Response Center (PERC) Brian Demore, taken on December 2, 2015.

22. Exhibit 20 will be filed under seal.

23. Exhibit 21 will be filed under seal.

24. Exhibit 22 will be filed under seal.

25. Exhibit 23 will be filed under seal.

26. Exhibit 24 will be filed under seal.

27. Exhibit 25 will be filed under seal.

28. Exhibit 26 will be filed under seal.

29. Exhibit 27 will be filed under seal.

30. Plaintiffs' Request for Production No. 1 asked for "all documents regarding Defendant's policies and procedures related to Detainers in effect within the jurisdiction of the ICE Los Angeles Field Office at any time from December 2012 to the present, including . . . training materials." The PEP webinar (Exh. 25) and the I-247X webinar (Exh. 27) were the only training materials Defendants produced in response to this Request.

31. Attached as Exhibit 28 is a true and correct copy of Chapter 43: Detainers, Subpoenas, and Warrants from the INS Special Agent Field Manual.

32. Attached as Exhibit 29 is a true and correct copy of ICE Secretary John Morton's 2012 Memo Civil Immigration Enforcement: Guidance on the Use of Detainers in the Federal, State, Local, and Tribal Criminal Justice System (Dec. 21, 2012).

33. Attached as Exhibit 30 is a true and correct copy of ICE's 2010 Interim Policy on Detainers.

34. Attached as Exhibit 31 is a true and correct copy of ICE's policy 10074.2 "Issuance of Immigration Detainers by ICE Immigration Officers" (March 24, 2017).

35. Attached as Exhibit 32 is a true and correct copy of Defendants' responses to Plaintiffs' Request for Admissions 21 and 22.

36. Attached as Exhibit 33 is a true and correct copy of INS, The Law of Arrest, Search and Seizure for Immigration Officers (January 1993).

37. Exhibit 34 will be filed under seal.

38. Exhibit 35 will be filed under seal.

39. Attached as Exhibit 36 is a true and correct copy of excerpts of the deposition of ICE Los Angeles Field Office Director David Marin, taken on December 9, 2015.

40. Attached as Exhibit 37 is a true and correct copy of excerpts of the ICE Boston Field Office Director Bruce Chadbourne in *Morales v. Chadbourne*, No. 12-301 (D.R.I. 2015).

41. Attached as Exhibit 38 is a true and correct copy of excerpts of the Oral Argument Transcript (ECF #79) in *Galarza v. Szalczyk*, No. 10-06815 (E.D. Pa. Jan. 10, 2012).

42. Attached as Exhibit 39 is a true and correct copy of excerpts of the deposition of ICE 30(b)(6) Philip T. Miller in *Jimenez Moreno v. Napolitano*, No. 11-5452 (N.D. Ill. June 6, 2013).

43. Attached as Exhibit 40 is a true and correct copy of excerpts of the deposition of ICE 30(b)(6) Witness Kerry Kaufman Dep. Tr. 150:2-150:13, *Jimenez Moreno v. Napolitano*, Case No. 11-cv-5254 (N.D. Ill.).

44. Attached as Exhibit 41 is a true and correct copy of the Department of Homeland Security's Privacy Impact Assessment for the Computer Linked Application Information Management System 4 (CLAIMS 4) (Nov. 5, 2013). Defendants directed Plaintiffs to this document in their objections to Plaintiffs' subpoena to DHS (Dkt. 145 at 8) (referring to DHS Privacy Impact Assessments for CLAIMS and CIS).

45. Attached as Exhibit 42 is a true and correct copy of the Department of Homeland Security's Privacy Impact Assessment for the Computer Linked Application Information Management System (CLAIMS 3) and Associated Systems (Mar. 25, 2016). Defendants directed Plaintiffs to this document in their objections to Plaintiffs' subpoena to DHS (Dkt. 145 at 8) (referring to DHS Privacy Impact Assessments for CLAIMS and CIS).

46. Attached as Exhibit 43 is a true and correct copy of the Department of Homeland Security's Privacy Impact Assessment for the Central Index System (Jun. 22, 2007). Defendants directed Plaintiffs to this document in their objections

to Plaintiffs' subpoena to DHS (Dkt. 145 at 8) (referring to DHS Privacy Impact Assessments for CLAIMS and CIS).

47. Exhibit 44 will be filed under seal.

48. Exhibit 45 will be filed under seal.

49. Attached as Exhibit 46 is a true and correct copy of excerpts from the deposition of Los Angeles Sheriff's Department 30(b)(6) witness Tri Hoang, taken on Aug. 9, 2016.

50. Exhibit 47 will be filed under seal.

51. Attached as Exhibit 48 is a true and correct copy of the Los Angeles County Sheriff's Department Inmate Telephone System and Services contract.

52. Attached as Exhibit 49 is a true and correct copy of ICE's policy memorandum "Investigating the Potential U.S. Citizenship of Individuals Encountered by ICE" (Nov. 10, 2015).

53. Attached as Exhibit 50 is a true and correct copy of an excerpt from the March 8, 2016 Draft Central Index System User Guide.

54. Attached as Exhibit 51 is a true and correct copy of an ICE brochure about the Priority Enforcement Program.

55. Attached as Exhibit 52 is a true and correct copy of a DHS Secretary John Kelly's Memo, entitled Enforcement of the Immigration Laws to Serve the National Interest (Feb. 20, 2017).

56. Plaintiffs' Interrogatory Number 11 asked Defendants to "[i]dentify the number of detainers issued by any agent, officer, employee, or contractor of the PERC from the date of its inception until the present." In response, Defendants replied that "the answer to this interrogatory is contained in records that will be provided to the Plaintiffs as part of the Defendant's response to Requests for Production No. 44."

57. In response to Plaintiffs' Request for Production No. 44, Defendants produced an Excel spreadsheet providing detailed information on 12,797 detainers

issued by PERC from May 1, 2015 and February 22, 2016. Due to its voluminous size, Plaintiffs have not attached the spreadsheet as an exhibit, but can do so should the Court wish to review it. Based on the spreadsheet, Plaintiffs determined that ICE booked only 2,757 (21.5 percent) of the subjects of these 12,797 detainers into its custody.

58. Also, in response to Plaintiffs' Requests for Production 44, Defendants also produced an Excel spreadsheet providing detailed information on 162,494 detainers issued by ICE officers within the Los Angeles Area of Responsibility between October 1, 2010 and February 8, 2016. Due to its voluminous size, Plaintiffs have not attached the spreadsheet as an exhibit, but can do so should the Court wish to review it. Based on the spreadsheet, Plaintiffs determined that ICE booked only 50,400 (or 31 percent) of the subjects of these 162,494 detainers into its custody.

59. Attached as Exhibit 53 is a true and correct copy of a sample Form I-200 ICE administrative arrest warrant.

60. Attached as Exhibit 54 is a true and correct copy of the Department of Homeland Security's Privacy Impact Assessment for the Central Index System (April 7, 2017). Defendants directed Plaintiffs to this document in their objections to Plaintiffs' subpoena to DHS (Dkt. 145 at 8) (referring to DHS Privacy Impact Assessments for CLAIMS and CIS).

61. Exhibit 55 will be filed under seal.

62. Plaintiffs sought discovery related to errors in CIS and CLAIMS through a third-party subpoena to the Department of Homeland Security ("DHS"), served on April 14, 2016. Attached as Exhibit 56 is a true and correct copy of the subpoena served on DHS.

63. Plaintiffs sought this discovery from DHS, rather than ICE (which is a sub-agency of DHS) because ICE objected to requests that it produce any information about CIS and CLAIMS beyond that pertaining directly to its officers'

investigative uses of the databases on the ground that it is United States Citizenship and Immigration Services (a different sub-agency of DHS) that actually maintains the databases.

64. Plaintiffs' Subpoena Request Number 6 sought "all documents related to quality control for CIS and CLAIMS, including but not limited to, documents describing any effort to track the accuracy and completeness of information contained in each database." In response, DHS produced several dozen documents, consisting mostly of USCIS Field Offices' informal procedures for informing the CIS Records Division when errors in CIS and CLAIMS came to the Field Offices' attention, generally upon being reported by the subject of a record or discovered by a USCIS officer during the course of benefits processing. DHS's response also included excerpts from an undated Records Policy Manual describing how to resolve errors and inaccuracies in CIS and CLAIMS when those errors were brought to USCIS's attention. DHS did not produce any documents indicating that USCIS or any other division of DHS takes efforts to proactively audit CIS and CLAIMS for overall accuracy and completeness or to systemically assess the existing errors and inaccuracies in either database. Nor did DHS produce any documents indicating that USCIS has made any effort to address or even determine the overall error-rate for either database.

65. Plaintiffs' Subpoena Request Number 7 sought "all documents related to errors or inaccuracies in CIS and CLAIMS, including, but not limited to, documents related to the reasons for such errors, efforts taken to correct errors, incorrect or outdated information, error rates, and proper and improper uses of CIS and CLAIMS." In response, DHS produced only emails regarding specific errors in individual records. DHS did not produce any other documents in response to this request. DHS did not produce any documents indicating that USCIS or any other division of DHS takes efforts to proactively audit CIS and CLAIMS for overall accuracy and completeness or to systemically assess the existing errors and

inaccuracies in either database. Nor did DHS produce any documents indicating that USCIS has made any effort to address or even determine the overall error-rate for either database.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct. Executed this 16th day of May, 2017 in Los Angeles, California.

/s/ Jennifer Pasquarella
JENNIFER PASQUARELLA