PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JIN S. CHOI, State Bar No. 180270
jchoi@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants and Third Parties
County of Los Angeles and Sheriff Leroy D. Baca

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUNCAN ROY; et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; et al.,<br><br>  Defendants.<br>_____<br><br>GERARDO GONZALEZ; et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT, an entity; et al.,<br><br>  Defendants. | Case No. CV 12-09012 BRO (FFMx)<br><br>Consolidated with:<br>Case No. CV 13-04416 BRO (FFMx)<br><br>Honorable Beverly Reid O'Connell<br><br>**DEFENDANTS COUNTY OF LOSANGELES AND LEROY D. BACA'S EVIDENTIARY OBJECTIONS IN SUPPORT OF THEIR REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>*[Reply to Plaintiffs' Opposition, Supplemental Declaration of Greg Sivard and Request for Judicial Notice filed concurrently herewith]*<br><br>Date: August 28, 2017<br>Time: 1:30 p.m.<br>Crtm: 7C |

1

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

Defendants County of Los Angeles and Leroy D. Baca (collectively, "Defendants") hereby submit the following Evidentiary Objections to the evidence submitted by Plaintiffs in support of their Opposition to Defendants' Motion for Summary Judgment and move to strike the same on the grounds specified below. Defendants request that the Court rule on these objections either at the hearing on this Motion, or in any written order issued thereafter.

Dated: July 21, 2017                          LAWRENCE BEACH ALLEN & CHOI, PC

By _____/s/ Justin W. Clark_____
     Justin W. Clark
     Attorneys for Defendants and
     Third Parties County of Los Angeles
     and Sheriff Leroy D. Baca

## I. PLAINTIFFS' MEMORANDUM.

To the extent factual assertions are made by Plaintiffs in their Memorandum of Points and Authorities in support of their Motion for Summary Adjudication re Liability Issues and said assertions are not supported by competent, admissible evidence, they are improper and should be stricken. *See e.g., Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). For example, Plaintiffs have submitted no evidence to support their argument that the Sheriff's Department might revert back to its prior practice of detaining inmates subject to immigration detainers beyond the expiration of their criminal sentence. This unsupported assertion should be rejected, as speculation and conjecture are insufficient as a matter of law to create a triable issue of fact. *McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170, 1173 (9th Cir. 2016) ("arguments based on conjecture or speculation are insufficient...." to defeat summary judgment); *R.W. Beck & Assocs. v. City & Borough of Sitka*, 27 F.3d 1475, 1481 (9th Cir. 1994) (arguments based on conjecture or speculation are insufficient to raise a genuine issue of material fact). All other factual assertions without evidentiary support should be similarly disregarded.

## II. IN THE INTEREST OF JUDICIAL ECONOMY, DEFENDANTS INCORPORATE BY REFERENCE OBJECTIONS PREVIOUSLY ASSERTED TO PLAINTIFFS' EVIDENCE.

As indicated in their Statement of Genuine Disputes, Plaintiffs "have not re-re-filed voluminous evidence previously filed in connection with the *Roy*-Plaintiffs' Motion for Partial Summary Adjudication ["Plaintiffs' Motion"] (Dkt. Nos. 240, 241)…" Instead, Plaintiffs simply referenced the previously filed documents. (*See*, Dkt. No. 279 – Plaintiffs' Statement of Genuine Disputes, 1:4-9.) Defendants responded to this evidence in connection with their Opposition to Plaintiffs' Motion. (*See*, Dkt. No. 275 [Statement of Genuine Disputes], Dkt. No. 276 [Evidentiary Objections], Dkt. No. 277 [Request for Judicial Notice].)

In the interest of judicial economy and to avoid burdening the Court with an additional voluminous filing, Defendants have not re-filed their previously filed responses and objections to Plaintiffs' evidence. Instead, Defendants incorporate by reference their previously asserted responses and objections asserted in the documents cited above. If the Court so directs, Defendants can re-file these documents as part of these reply papers.

### III. OBJECTION TO DECLARATION OF LINDSAY BATTLES AND EXHIBITS ATTACHED THERETO (DKT. NO. 278-1).

**Docket No. 278-4 – Exhibit "GG":** irrelevant (Fed. R. Evid., Rules 402, 403); lacks foundation; lacks authentication (Fed. R. Evid., Rules 602, 901); hearsay not falling under any exception (Fed. R. Evid., Rules 403, 801, 802); Hearsay within hearsay (Fed. R. Evid., Rule 805); improper expert opinion (Fed.R.Evid., Rules 702, 703).

**Docket No. 278-4 – Exhibit "GG":** irrelevant (Fed. R. Evid., Rules 402, 403); lacks foundation; lacks authentication (Fed. R. Evid., Rules 602, 901); hearsay not falling under any exception (Fed. R. Evid., Rules 403, 801, 802); Hearsay within hearsay (Fed. R. Evid., Rule 805); improper expert opinion (Fed.R.Evid., Rules 702, 703).

### IV. OBJECTION TO DECLARATION OF BRIAN KRIEGLER (DKT. NO. 278-6).

Improper expert opinion (Fed.R.Evid., Rules 702, 703). The declaration does not provide any explanation of the bases for the opinions rendered.

///
///
///

## VI. CONCLUSION.

Defendants request that the Court rule on the above objections either at the hearing on Plaintiffs' Motion or in any written order thereon.

Dated: July 21, 2017                LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/ Justin W. Clark_____
    Justin W. Clark
    Attorneys for Defendants
    County of Los Angeles and
    Sheriff Leroy D. Baca