PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JIN S. CHOI, State Bar No. 180270
jchoi@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants and Third Parties
County of Los Angeles and Sheriff Leroy D. Baca

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUNCAN ROY; et al., <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF LOS ANGELES; et al., <br><br> Defendants. <br>_____ <br><br> GERARDO GONZALEZ; et al., <br><br> Plaintiffs, <br><br> vs. <br><br> IMMIGRATION AND CUSTOMS ENFORCEMENT, an entity; et al., <br><br> Defendants. | Case No. CV 12-09012 BRO (FFMx) <br><br> Consolidated with: <br> Case No. CV 13-04416 BRO (FFMx) <br><br> Honorable Beverly Reid O'Connell <br><br> **SUPPLEMENTAL DECLARATION OF GREG SIVARD IN SUPPORT OF DEFENDANTS COUNTY OF LOSANGELES AND LEROY D. BACA'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> *[Reply to Plaintiffs' Opposition, Evidentiary Objections and Request for Judicial Notice filed concurrently herewith]* <br><br> Date: August 28, 2017 <br> Time: 1:30 p.m. <br> Crtm: 7C |

1

ROY\Sivard Decl re Reply to MSJ

## SUPPLEMENTAL DECLARATION OF GREG SIVARD

I, Greg Sivard, declare as follows:

1. The following facts are within my personal knowledge, except those matters stated on information and belief and, as to those matters, I believe them to be true. If so called, I could and would testify competently thereto.

2. I am currently employed by the Los Angeles County Sheriff's Department ("LASD" or "Sheriff's Department") and have been so for employed for the last 32 years. I am presently assigned as the Records Manager for the Inmate Reception Center ("IRC").

3. The Records Unit of IRC is responsible for processing and maintaining all booking and release records (among others) for inmates processed into and out of the Los Angeles County jail system. Through my assignment as the Records Manager and prior positions I have had at IRC in the Records Unit, I am very familiar with LASD's policies, procedures, and practices associated with respect to the operation of IRC including, without limitation, the methods and associated procedures used to calculate inmate release dates and all of the various criteria that can impact that process. In addition, I am familiar with the LASD's record keeping at IRC as it relates to booking and release processing. Finally, my experience extends to the operation and functions of the LASD's Automated Justice Information System ("AJIS") and the Replicated Automated Jail Information System, which are the principal computer systems used to process inmate releases and maintain historical data regarding these processes.

4. I previously submitted a declaration in support of the Sheriff's Department's Motion for Summary Judgmnet ("MSJ") in this case. This declaration is in support of the Sheriff's Department's reply on the MSJ, and to respond to several of Plaintiffs' contentions therein.

5. I am informed and believe that the Plaintiffs have argued in their opposition papers, that the act of detaining an inmate for any period of time

ROY\Sivard Decl re Reply to MSJ

beyond their release date, on the basis of an immigration detainer issued by ICE, constitutes a warrantless arrest of that individual by the Sheriff's Department. I am further informed and believe that the Plaintiffs have characterized the ICE-issued immigration detainer as nothing more than a "request" which provides no legal authority for any detention of the subject involved. The fact that the immigration detainers are not issued or approved by a judicial officer does not negate the fact that the detainers are issued by another law enforcement agency for the specific purpose of having that agency, such as the LASD, detain the involved subject for a limited amount of time to allow for ICE to take custody of that individual. Futhermore, as I have previously testified in this case, despite Plaintiffs' claims to the contrary, the Sheriff's Department never treated ICE detainers as "requests" they were free to ignore. Instead, they were treated as mandatory holds that were similar to wants and warrants from another jurisdiction.

6. On a daily basis, the Sheriff's Department receives "wants" and "holds" from law enforcement agencies all over Southern California, and regularly from all over the United States. With respect to "wants," they are entered into the Justice Department Information Computer ("JDIC") system, which is a computer system used by law enforcement agencies to notify other agencies of their desire to take a subject into their custody. "Holds" are entered in the Automated Justice Information System ("AJIS"), which is a separate database used by law enforcement agenices to book inmates into the jail system, in addition to tracking a variety of other information. My prior declaration explains the other categories of information maintained in AJIS, and how that information is entered into the system.

7. For example, a "want" may be placed into JDIC by an LAPD detective, for an individual that is the suspect in a robbery investigation. On the basis of that want, a County Jail inmate who would otherwise be released from

custody will be detained for up to five days to allow the LAPD to take custody of the suspect, or for arrangements to be made for the suspect to be transported to an LAPD facility. Wants are entered into the system when there is probable cause to believe that the suspect has engaged in criminal activity and are not generally reviewed or approved by a judicial officer before being issued. The longstanding procedures with respect to wants and holds are not precluded by California state law, and serve important law enforcement and public safety purposes, including the apprehension of criminal suspects before they are released into the general public and facilitating prompt investigation of and possible prosecution of significant criminal acts.

8.     I am further informed and believe that Plaintiffs have argued in their opposition that the fact that a relatively small number of County Jail inmates with immigration detainers have posted bail supports their contention that County Jail inmates with immigration detainers were prohibited from posting bail due to their detainers. This contention is false for several reasons. First, I am informed and believe that Plaintiffs' interpretation of the relevant data includes the fact that "0.5% of all releases for inmates with immigration detainers were bail releases during the class period". In other words, inmates with immigration detainers have, in fact, been allowed to post bail and were thereafter released. This is consistent with my own experiences at the Inmate Reception Center. I can personally recall situations where an inmate subject to an immigration detainer posted bail, and was released to ICE custody. In fact, Plaintiffs' own factual interpretation is consistent with the absence of any LASD policy of precluding inmates with immigration detainers from posting bail. Moreover, the relatively small number of inmates with immigration detainers posting bail can be explained by the fact that inmates with detainers affirmatively decide against posting bail to avoid being taken into the custody of ICE officials, thereby subjecting them to immediate deportation proceedings. In my experience, such inmates know that

4

the posting of bail will not result in their immediate release "to the street" but would rather accelerate federal deportation proceedings against them.  This practical reality is entirely consistent with the relatively low number of inmates with immigration detainers posting bail – which again, is not and has not been prohibited by any LASD policy.

9. I am also informed and believe that Plaintiffs argue that the LASD's "use of the no-bail notation precluded inmates with ICE detainers from posting bail or from OR release, in violation of their state and federal constitutional rights" and that the "'No Bail' notation communicated to LASD employees and to the public that inmates with immigration detainers could not post bail."  These contentions are also false.  As discussed above, inmates with immigration detainers have never been precluded from posting bail by any LASD policy.  In fact, inmates with immigration detainers have in fact posted bail.  Moreover, Plaintiffs' assertion that the LASD "falsely recorded immigration detainers in its databases as mandatory holds" and that County falsely communicated to its employees that inmates with detainers were subject to mandatory holds and could not post bail, is again false.  On the contrary, consistent with LASD policy, personnel have been instructed that inmates with ICE holds are entitled to post bail on their state criminal charges should they choose to do so.  As the policy language itself reflects, such bail "shall be accepted."

10. Finally, in response to Plaintiffs' claims regarding the recordation of ICE holds as "mandatory", that is a mischaracterization.  As I have testified previously in this matter and in my prior declarations, it is accurate that detainers do not reflect a bail amount, and therefore, when they were entered in AJIS, the bail amount field for a detainer would indicate "No Bail".  That fact, however, does not mean that inmates would be prevented from posting bail on their state criminal charges, which are reflected separately in AJIS, along with the bail amount for each charge.

5

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 21ST day of July, 2017, at Los Angeles, California.

_____
Greg Sivard

ROY\Sivard Decl re Reply to MSJ

6