1  PETER J. ELIASBERG SBN 189110
     *peliasberg@aclusocal.org*
2  AHILAN ARULANANTHAM SBN 237841
     *aarulanantham@aclusocal.org*
3  PETER BIBRING SBN 223981
     *pbibring@aclusocal.org*
4  JENNIFER PASQUARELLA SBN 263241
     *jpasquarella@aclusocal.org*
5  ACLU FOUNDATION OF SOUTHERN CALIFORNIA
   1313 W. 8th Street
6  Los Angeles, CA 90017
   Phone:  (213) 977-9500
7  Facsimile:  (213) 977-5299

8  Attorneys for Plaintiffs
   (continued on next page)
9

10              UNITED STATES DISTRICT COURT
11              CENTRAL DISTRICT OF CALIFORNIA

12  DUNCAN ROY; et al.,                Case No. CV 12-09012 BRO (FFMx)
                 Plaintiffs,            Consolidated with:
13        vs.                           Case No. CV 13-04416 BRO (FFMx)
    LOS ANGELES COUNTY SHERIFF'S
14  DEPARTMENT; et al.,                 Honorable Beverly Reid O'Connell
                 Defendants.
15
                                        **PLAINTIFFS' REPLY IN
16                                      SUPPORT OF EX PARTE
    GERARDO GONZALEZ; et al.,           APPLICATION FOR LEAVE TO
17               Plaintiffs,            FILE SURREPLY**
18        vs.
19  IMMIGRATION AND CUSTOMS
    ENFORCEMENT; et al.,
20               Defendants.

1  BARRETT S. LITT SBN 45527
     blitt@kmbllaw.com
2  LINDSAY B. BATTLES SBN 262862
     lbattles@kmbllaw.com
3  KAYE, MCLANE, BEDNARSKI, & LITT
   234 E. Colorado Boulevard
4  Pasadena, California 91101
   Telephone: (626) 844-7660
5  Facsimile: (626) 844-7670

6  OMAR C. JADWAT, *pro hac vice*   ojadwat@aclu.org
   SPENCER E. W. AMDUR, *pro hac vice* samdur@aclu.org
7  AMERICAN CIVIL LIBERTIES UNION FOUNDATION
     IMMIGRANTS' RIGHTS PROJECT
8  125 Broad Street, 18th Floor
   New York, New York 10004
9  Telephone: (212) 549-2660

10 CECILLIA D. WANG SBN 187782
     cwang@aclu.org
11 CODY H. WOFSY, SBN 294179
     cwofsy@aclu.org
12 AMERICAN CIVIL LIBERTIES UNION FOUNDATION
   39 Drumm Street
13 San Francisco, California 94111
   Telephone: (415) 343-0775
14
   CHRIS NEWMAN SBN 255616
15   newman@ndlon.org
   JESSICA KARP BANSAL SBN 277347
16   jbansal@ndlon.org
   NATIONAL DAY LABOR ORGANIZING NETWORK
17 675 S. Park View Street, Suite B
   Los Angeles, California 90057
18 Telephone: (213) 380-2785
   Facsimile: (213) 380-2787
19
20 MARK M. FLEMING, *pro hac vice*
    mfleming@heartlandalliance.org
21 NATIONAL IMMIGRANT JUSTICE CENTER
22 208 S. LaSalle Street, Suite 1300
   Chicago, IL 60604
23 Telephone: (312) 660-1628
   Facsimile: (312) 660-1505
24

25

26

27

28

## I. INTRODUCTION

Defendants' Opposition to Plaintiffs' Ex Parte Application for Leave to File Surreply levels offensive and completely unfounded accusations at Plaintiffs' counsel, but entirely fails to negate the fact that Defendants raised new arguments and evidence in their Reply to Plaintiffs' Opposition to Defendants Motion to Dismiss and Partial Summary Judgment, Dkt. 296, that are the proper subject of a Surreply. Accordingly, this Court should grant Plaintiffs' Ex Parte Application and enter an order accepting Plaintiffs' Surreply.

## II. ARGUMENT

### 1. Plaintiffs Substantially Complied With This Court's Procedures for Filing Ex Parte Applications

As Defendants concede, Plaintiffs' counsel and counsel for Defendants exchanged emails over a two-day period and conducted a meet and confer telephone call regarding Plaintiffs' Ex Parte Application for Leave to File a Surreply. Dkt. 312 at 2. Despite the fact that Defendants were fully aware of Plaintiffs' anticipated ex parte application, Defendants argue that Plaintiffs' Application should be denied because Plaintiffs did not notify Defendants of their obligation to file a response within 24 hours. *Id.* Plaintiffs' counsel apologizes for any inconvenience caused by this unintentional oversight. Plaintiffs' counsel believed the deadline was fully understood by Defendants given that less than two weeks prior to the filing of Plaintiffs' Application, counsel for the parties explicitly discussed this Court's 24-hour deadline for responding to ex parte applications in the context of a potential ex parte application by Defendants that was not ultimately filed. *See* Declaration of Jessica Karp Bansal in Support of Reply at ¶ 3 (filed concurrently herewith). As a result, Plaintiffs' counsel's unintentional failure to reiterate the deadline in the context of the instant ex parte application was unprejudicial and should not result in the denial of Plaintiffs' Application.

### 2. Defendants' Accusation that Plaintiffs Were Not Candid With this Court is Entirely Unfounded

Defendants accuse Plaintiffs' counsel of having acted "decept[ively]" in filling a Surreply after stipulating to an extension on the briefing schedule for Defendants' Motion to Strike. Dkt. 312 at 3. The two issues are entirely unrelated and Defendants' suggestion otherwise is offensive and completely unfounded. As described in the Parties' Stipulation to Continue Briefing Schedule, Dkt. 308, two of Plaintiffs' attorneys are out this week as a result of pre-planned vacations. Accordingly, Plaintiffs requested an extension of time to respond to Defendants 15-page Motion to Strike, which raises numerous novel and potentially complex legal issues that have not previously been addressed in this action. *See* Dkt. 307-1. Neither counsels' vacation plans nor the one-week extension on the Motion to Strike are at odds with the fact that Plaintiffs found it necessary to submit a concise Surreply addressing blatant factual misrepresentations made by Defendants in their Reply brief. In accusing Plaintiffs of seeking an extension on the Motion to Strike in order to have more time to prepare a Surreply, counsel for Defendants levels false accusations based on nothing more than utterly unwarranted and unjustified speculation and conjecture that are unworthy of this Court's time or attention.

### 3. Plaintiffs' Application Should Be Granted So That Plaintiffs' May Address New Arguments Raised in Defendants' Reply

Defendants asserted for the first time in their Reply brief in support of their Motion for Summary Judgment that ICE makes individualized flight risk assessments prior to issuing detainers. Dkt. 296 at 5-6. Defendants now argue this is no different from arguing—as they did in their Statement of Genuine Issues, Dkt. 272-1 at ¶54—that *in general all* "[d]etainers are issued to prevent flight because removable criminal aliens may flee upon release from jail." Dkt 312 at 4-5. But the two arguments could not be more different.[1] The former, if true, would

---

[1] Defendants suggest they relied on the same evidence for each argument, Dkt. 312 at 4, but this is not true. *Compare* Dkt. 272-1 ¶ 154 (citing Hamm Dep. Tr. 263:19-
(cont'd)

resolve the claims of Plaintiffs' Statutory Subclass, because it would mean each subclass member was provided an individualized assessment of flight risk prior to issuance of a detainer—exactly what the Subclass argues is required under 8 U.S.C. § 1357(a)(2). The latter, true or not, is irrelevant to the Subclass's claims, because a general assessment that "criminal aliens may flee upon release from jail" patently does not suffice to meet ICE's statutory requirement to provide individualized flight risk determinations prior to making a warrantless arrest. Because these two arguments are entirely different, and because the former was raised for the first time on Reply, Plaintiffs should be afforded the opportunity to respond through a Surreply. *See* Dkt. 309 (citing cases holding that a surreply is appropriate to respond to new arguments and evidence raised on Reply).

Similarly, Defendants' assertion in their Reply Brief that specific information in criminal databases can be relied on to establish probable cause was materially different than—and relied on different evidence than—their prior argument that errors in one database could be overcome by errors in other databases. *Compare* Defs' Reply, Dkt. 296 at 13-14 to Defs' Opp., Dkt 272, at 16. Plaintiffs should be afforded the opportunity to respond to this new argument through a Surreply. *See* Dkt. 309.

### III. CONCLUSION

For the foregoing reasons, as well as the reasons provided in Plaintiffs' Ex Parte Application for Leave to File, Plaintiffs respectfully request that the Court enter an order accepting Plaintiffs' 2-page surreply, lodged at Dkt. 309-1.

---

25, 264:1-5) with Defs. Reply, Dkt. at 5-6 (citing Weintraub Decl., Ex. D, excerpts from the ICE Los Angeles Field Office 30(b)(6) deposition of James Anthony Hamm, taken on March 16, 2016, at 57-58).

3

Dated: August 4, 2017     NAT'L DAY LABORER ORGANIZING NETWORK

                By    /s/ Jessica Karp Bansal
                      Jessica Karp Bansal
                      Attorney for Plaintiffs

4