BARRETT S. LITT, SBN 45527
blitt@kmbllaw.com
LINDSAY BATTLES, SBN 262862
KAYE, MCLANE, BEDNARSKI & LITT
975 E. Green Street
Pasadena, California 91106
Telephone: (626) 844-7600
Facsimile: (626) 844-7670

PETER J. ELIASBERG, SBN 189110
peliasberg@aclu-sc.org
AHILAN ARULANANTHAM, SBN 237841
PETER BIBRING, SBN 223981
JENNIFER PASQUARELLA, SBN 263241
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, California 90017
Phone: (213) 977-9500
Facsimile: (213) 977-5299

Attorneys for Plaintiffs
(Other counsel not listed)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUNCAN ROY; et al,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES<br><br>Defendant.<br><br>GERARDO GONZALEZ, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT, an entity;<br><br>Defendants | Case No. CV 12-09012-AB (FFMx)<br>Consolidated with Case No. CV-13-04416-ab (FMMx)<br><br>[Honorable André Birotte, Jr.]<br><br>**STIPULATION TO CONTINUE TRIAL, PRETRIAL DEADLINES, AND EXPERT DISCLOSURE DEADLINE**<br><br>Current Trial Date: 5/22/2018 |

TO THE HONORABLE COURT, ALL INTERESED PARTIES AND TO THEIR ATTORNEYS OF RECORD:

On November 23, 2018, this Court issued an order setting scheduling order deadlines in both *Roy* and *Gonzalez* (Dkt. 343), matters which were consolidated for pretrial purposes only (Dkt. 91). The Court continued the trial date in both cases to May 22, 2018 in light of the (then) pending summary judgment motions. Dkt. 343. The order also continued the expert disclosure deadlines to March 16, 2018 because the pending summary judgment motions encompassed liability issues potentially affecting the scope of experts' testimony.

On February 8, 2018, this Court issued an order regarding the parties' motions for partial summary judgment, which resolved certain liability issues in both cases and identified what issues remain for trial. Dkt. 346.[1] The Court has set a status conference regarding the status of this case post-summary judgment. Dkt. 350.

The parties agree that good cause exists to continue the trial date to allow time for the status conference and the resolution of issues briefed in the parties'

---

[1] The Court granted summary judgment in favor of the *Gonzalez*-Plaintiffs' Statutory Subclass and Foreign-Born-No-Match Probable Cause Subclass. In *Gonzalez*, the sole liability issue that remains for trial is whether ICE databases are sufficiently complete and reliable to support probable cause of removability. The Court also granted summary judgment in favor of the *Roy*-Plaintiffs' Post-48-Hour *Gerstein* Damages Subclass and No-Money-Bail Subclass. The Court also found there to be disputed facts with respect to some of Plaintiffs' claims that may be resolved at trial. In *Roy*, two liability issues remain: (1) whether LASD had a policy or practice of refusing to accept bail from inmates subject to immigration detainers based on the "No Bail" notation in the LASD's computer systems; and (2) whether "investigative detainers" were based on probable cause sufficient to satisfy the Fourth Amendment.

1

respective motions related to class certification issues.[2] Additionally, good cause for a trial continuance exists because Plaintiffs' Co-Lead Counsel, Jennie Pasquarella, is scheduled to begin parental leave on April 20, 2018 and will therefore be unavailable for trial. Ms. Pasquarella is scheduled to return from leave on August 20, 2018. A trial date of no earlier than late-October 2018 is necessary for Ms. Pasquarella to fully participate in pretrial preparation.

Counsel for the parties have met-and-conferred regarding possible trial dates after Ms. Pasquarella returns from leave. Both counsel for ICE and the LASD are unavailable for trial in November 2018. The *Gonzalez*-parties have agreed to a trial date of December 4, 2018. The *Roy*-parties have agreed to a trial date of March 12, 2019 despite their disagreement as to whether the *Roy* trial should be scheduled immediately following the *Gonzalez* trial.[3]

The parties likewise request to continue the expert disclosure deadline. The continuance is necessary for two reasons: (1) to allow sufficient time to tailor expert reports to the liability issues remaining in the case after the recent

---

[2] Plaintiffs have filed a motion to modify the class definition with respect to the Post-48-Hour *Gerstein* Damages Subclass, and Defendants will file a motion to decertify the class. The parties have reached an agreement regarding the hearing date and briefing schedules for both motions which will be addressed via a separate stipulation.

[3] Defendant in *Roy* believes that the *Gonzalez* and *Roy* trials should proceed together (or consecutively) to avoid the potential for unnecessary duplication of evidence and inconsistent rulings regarding overlapping legal and factual issues. The *Gonzalez*-Defendants, *Gonzalez*-Plaintiffs, and *Roy*-Plaintiffs disagree that there are overlapping legal or factual issues sufficient to warrant consolidation at trial and request the opportunity to address this issue at the status conference. The *Roy*-parties also believe that it would be highly burdensome to schedule consecutive trials in December 2018, due in part to Jessica Bansal's limited availability during that month.

summary judgment decision; and (2) to allow time for Plaintiffs' experts to incorporate their analysis of electronically-stored information to be produced by ICE no later than April 6, 2018 into their reports. ICE agreed to produce this information only upon a liability determination in favor of the *Roy*-Plaintiffs. Counsel for ICE has confirmed that the data will be produced by April 6, 2018.

## II.     Proposed Scheduling Order Deadlines

It is stipulated and agreed between the parties that, pending approval by the Court, all trial and remaining pretrial deadlines will be continued as follows:

1. The expert disclosure deadline (in both cases) shall be continued from March 16, 2018 to May 21, 2018.
2. The trial date in *Gonzalez* shall be continued to December 4, 2018. The pretrial conference shall be continued to November 16, 2018. The first round of pretrial filings shall be continued to October 26, 2018. The second round of pretrial filings shall be continued to November 2, 2018.
3. The trial date in *Roy* shall be continued to March 12, 2019. The pretrial conference shall be continued to February 22, 2019. The first round of pretrial filings shall be continued to January 31, 2019. The second round of pretrial filings shall be continued to February 8, 2019.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3

IT IS SO STIPULATED.

DATED: March 7, 2018   KAYE, McLANE, BEDNARSKI & LITT, LLP

By: */s / Lindsay Battles*
Lindsay Battles[4]
Attorneys for Plaintiffs

DATED: March 7, 2018   LAWRENCE, BEACH, ALLEN & CHOI

By*:*   */s/ Justin W. Clark*
Justin Clark
Attorneys for Defendant County of Los Angeles and Sheriff Leroy Baca

DATED: March 7, 2018   U.S. DEPARTMENT OF JUSTICE

By: */s / J. Max Weintraub*
J. Max Weintraub
Attorney for United States of America

---

[4] As the filer of this stipulation, I attest that all of the above parties concur in the content of the stipulation and have authorized its filing.

4