PETER J. ELIASBERG, SBN 189110
 peliasberg@aclu-sc.org
AHILAN ARULANANTHAM, SBN 237841
 aarulanantham@aclu-sc.org
PETER BIBRING, SBN 223981
 pbibring@aclu-sc.org
JENNIFER PASQUARELLA, SBN 263241
 jpasquarella@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, California 90017
Phone: (213) 977-9500
Facsimile: (213) 977-5299

BARRETT S. LITT, SBN 45527
 blitt@kmbllaw.com
LINDSAY BATTLES, SBN 262862
 lbattles@ kmbllaw.com
KAYE, MCLANE, BEDNARSKI & LITT
975 East Green Street
Pasadena, California 91106
Telephone: (626) 844-7600 x118
Facsimile: (626) 844-7670

Attorneys for Plaintiffs
(Other counsel not listed)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUNCAN ROY et al. <br>           Plaintiffs, <br>       vs. <br><br> COUNTY OF LOS ANGELES; LEROY D. BACA, Sheriff of Los Angeles County, in his official capacity, <br><br>           Defendants. | Case No. CV 12-09012 AB (FFMx) <br> Consolidated with: <br> Case No. CV 13-04416 AB (FFMx) <br> Honorable André Birotte <br><br> ***ROY*-PLAINTIFFS' RESPONSE TO DEFENDANT LOS ANGELES COUNTY'S STATUS CONFERENCE REPORT** <br><br> **Status Conf. Date: April 13, 2018** <br> **Time:            10:00 a.m.** |

**RESPONSE TO DEFENDANTS MARCH 31 STATUS CONFERENCE REPORT**

Because most of the issues raised in Defendants' status report will be addressed in the context of separate, fully-briefed motions, we address their arguments as briefly as possible, reserving further substantive arguments for the appropriate motions. Although Plaintiffs believe that the status conference should proceed on April 13, 2018, they do not object to deferring discussion of Rule 23 issues until the May 11, 2018 hearing.

***Defendants' Motion for Reconsideration of Summary Judgment Decision***

Defendants' anticipated motion for reconsideration of the February 8, 2018 summary judgment decision is not a reason to defer resolution of class issues in this case. The motion for reconsideration is inappropriate. Under FRCP 59(e), reconsideration is appropriate only upon newly discovered evidence, clear error by the Court, or where there "is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *accord*, Local Rule 7-18. For the purpose of FRCP 59(e), "controlling law" refers exclusively to <u>binding precedent</u>. *McNamera v. Royal Bank of Scotland Group, PLC*, 2013 WL 1942187 at * 3 (S.D. Cal. 2013) (citing *Quevedo v. Macy's Inc.*, 2011 WL 6961598, at *4 (C.D. Cal. Oct. 31, 2011) (controlling law is precedent that the court is obligated to follow). Further, a request for reconsideration is inappropriate in an opposition. See LR 7-18 (reconsideration to be sought in motion by party seeking it).

***Resolution of Damages Issues:***

Plaintiffs do not attempt to fully respond to Defendants' contentions regarding decertification in this brief except to emphasize that Plaintiffs' status report provides a roadmap for how individual damages should be handled. As the status report reflects, Plaintiffs do not advocate a "trial by formula" method of handling damages.

Defendants incorrectly insist that this Court could decertify the classes if it were to determine that individual damage assessments were necessary. This argument reflects a serious misunderstanding of Rule 23 jurisprudence. Although it is true that the Court must ultimately decide how to handle damages (including whether class-wide damages

1

are available), and it is true that the Court could ultimately decertify for the purpose of resolving individual damages, the Court may not simply decertify a Rule 23(b)(3) class, prior to class notice, particularly where there has already been a class-wide liability decision affecting the substantive rights of class members. This is because Rule 23(c)(2)(B) requires that "[f]or any class certified under Rule 23(b)(3), the court *must* direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Accordingly, "Rule 23's drafters, the Federal Judicial Center, leading commentators on federal procedure, and the Supreme Court have all noted the important, mandatory nature of certification notice in (b)(3) cases." 3 Newberg on Class Actions §8:5 (5th ed.). Notice is mandatory, in part, because, money damages are at stake and class members must be provided the opportunity to opt out and must be given notice of how to proceed to seek damages if they have to do so through some individualized process. While there may be issues as to the method of notice, timing of notice and content of notice, "the rule is absolute: certification of a (b)(3) class requires that notice be given." *Id.*

The possibility of later individualized damage determinations could not justify decertification at this stage. At the time of class certification, the Court recognized that individual damage determinations may ultimately prove necessary, but nonetheless concluded that the case should retain its status as a class action at least until class-wide liability issues are resolved (and, naturally, until the Court determines whether class-wide damages are available). Dkt. 184, p. 36-37 ("...the Court has found that class litigation is capable of resolving broad issues of liability in this case...even if decertification is required at a later date, due to individualized damages calculations, the Court is satisfied that these calculations alone do not defeat certification at this stage," citing *Aichele v. City of Los Angeles*, 314 F.R.D. 478, 496 (C.D. Cal. 2013) ("Because a court may modify its certification order at any time prior to final judgment, the fact that later developments in this case *may* render the class mechanism inappropriate does not undermine its

1  usefulness at this stage, when Plaintiffs seek to establish alleged constitutional violations

2  based on uniform, broadly applied policies affecting each class member equally."), Dkt.

3  184, p. 40 ("even if there is no uniform way to calculate damages in this case…") (citing

4  *Aichele*, 314 F.R.D. at 496). In certifying the class, the court did not analyze or decide

5  whether class-wide damages would be available or, in the event such damages were not

6  available, how individualized damages would be handled. *Ibid*. Now that there has been a

7  favorable liability determination for members of the Post-48-Hour *Gerstein* Class and

8  No-Money-Bail Class, it is appropriate to decide how damages might be handled.

9  As Plaintiffs' status report explains, there are several paths forward. First, contrary to

10 Defendants' contention, class-wide damages are available. Federal courts have

11 sanctioned the use of both general and presumed damages in similar cases. Dkt. 366, pp.

12 2 – 7 (citing, *inter alia*, *Betances v. Fischer*, 304 F.R.D. 416, 431-432 (S.D.N.Y. 2015)

13 (general and presumed damages in over-detention class action); *Rodriguez v. City of Los*

14 *Angeles*, 2014 WL 12515334, at *6–7 (C.D. Cal. Nov. 21, 2014) (general and presumed

15 damages for loss of liberty) (citing *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d

16 1075, 1086-1087 (9th Cir. 2009); *Aichele*, 314 F.R.D. at 496 (general damages in §1983

17 over-detention class action); *Barnes v. Dist. Of Columbia*, 278 F.R.D. 14, 20 (D.D.C.

18 2011) (general damages in §1983 class action); *Nassau County Strip Search Cases*, 742

19 F.Supp. 2d 304, 323 (E.D.N.Y. 2010) (general damages); *Kerman v. City of New York*,

20 374 F.3d 93 (2d Cir. 2004) (presumed damages).

21        Even if the Court were to decide that classwide damages are unavailable, that does

22 not mean Defendants will be able to escape their obligation to compensate class

23 members. Although the County persistently refuses to acknowledge the implications of

24 the recent summary judgment decision for this case, the Court has already determined

25 that the LASD violated the Fourth Amendment rights of thousands of class members,

26 sufficient to support liability under §1983. Dkt. 346 (2/8/18 Order re Cross Motions for

27 Summary Judgment). Under §1983, compensation is mandatory where, as here, there is

28

3

**actual** injury. *Hazle*, 727 F.3d at 994-995 (deprivations of liberty constitute actual injury; "where the jury has found a constitutional violation and there is no genuine dispute that the violation resulted in some actual injury to plaintiff, <u>the plaintiff is entitled to an award of compensatory damages *as a matter of law*</u>.") (emphasis added, quoting *Kerman v. City of New York*, 374 F.3d 93, 124 (2nd Cir. 2004). Defendants may contend that Plaintiffs are merely entitled to nominal damages. This argument is wrong. Nominal damages apply only in situations where there is no proof of actual injury. *See Farrar v. Hobby*, 506 U.S. 103, 113 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254 (1978). Compensatory damages are required where there is proof of actual injury. As the Ninth Circuit recognizes, deprivation of liberty qualifies as an actual injury as a matter of law and therefore compensatory damages, as opposed to nominal damages, are required. *Hazle*, 727 F.3d at 994-995. **Accordingly, the question is not *whether* compensatory damages are available (they are available and in fact mandatory as a matter of law), but instead, what mechanism(s) will be used to enable compensation for class members**.

Should the Court decide that general and presumed damages are unavailable, then individual damage determinations will become necessary. As Plaintiffs' status report explains, individual damage determinations can be handled in one of several ways: (1) appointing special masters (potentially from the private bar, for whom Defendants would have to pay) to make damages recommendations to be approved by the Court acting as the trier of fact (if agreed to by Defendants, who we presume have a Seventh Amendment right to a jury trial) or presented to a jury; (2) trying damages cases in large groups (likely 20-50) (with jurors to render individual verdicts for each plaintiff); (3) decertifying for individual damage trials under the mantle of this case.

DATED: April 6, 2018          KAYE, MCLANE, BEDNARSKI & LITT
                                              ACLU OF SOUTHERN CALIFORNIA

                                              By: */ s / Lindsay Battles*
                                               Lindsay Battles
                                               Attorneys for Plaintiff