UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 12-09012-AB (FFMx) | Date: | September 27, 2019 |
|---|---|---|---|

| Title: | *Gonzalez et al. v. U.S. Immigrations and Customs Enforcement et al.* |
|---|---|

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] Order Denying Plaintiffs' Motion for a Permanent Injunction Re: Claims Resolved at Summary Judgment

On June 21, 2019, Plaintiffs filed a Motion for a Permanent Injunction against ICE's issuance of "foreign-born no match" detainers. Dkt. No. 512 ("Mot."). United States Immigration and Customs Enforcement ("ICE") opposes the Motion. Dkt. No. 533. The Court took the matter under submission on August 13, 2019. For the following reasons, Plaintiffs' Motion is **DENIED**.

## I. FACTUAL BACKGROUND

The facts of this case are well known to the parties. In 2012, Plaintiffs brought an action challenging the policies of ICE relating to its issuance of immigration detainers—requests that local, state, or federal law enforcement agencies ("LEAs") hold individuals that have been arrested for up to 48 hours beyond their otherwise release date and notify ICE of an individual's request to allow ICE to arrest the individual and determine what action should be taken regarding immigration proceedings.

On February 7, 2018, the Court granted, in part, summary judgment for Plaintiffs. Dkt. No. 346 ("Order re: Summary Judgment") at 35. Until June 2015, ICE had a policy and practice of issuing detainers based on a person's foreign birth and no records in an immigration database. Order re: Summary Judgment at 34. In 2015, DHS announced that immigration detainers would no longer be issued based on foreign birth-no match. *See* Dkt. No. 296-8 ¶ 140. ICE admitted that evidence of a foreign birth and no match in a federal immigration database was not probable cause of removability, however argued at summary judgment that Plaintiffs' motion was moot because ICE voluntarily ceased to issue foreign-born no match detainers. Over this argument, the Court granted summary judgment. ICE moved for the Court to reconsider the decision, and the motion was denied on April 18, 2018. Dkt. No. 378. In light of the Court's decision, ICE cancelled all active detainers issued without a warrant by an ICE officer on November 9, 2018. *See* Declaration of Jeffrey Wilson ("Wilson Decl."); Dkt. No. 532-1. This action rescinded all immigration detainers issued to the Statutory Subclass and the Probable Cause Subclass where ICE issued a detainer based solely on evidence of foreign birth and no match in a federal immigration database. *Id.*

On April 2, 2017, DHS incorporated a decision from the Northern District of Illinois and issued a new detainer policy (the "Detainer Policy"). Tr. Ex. 111. The Detainer Policy provides that "[a]s a matter of policy, an ICE immigration officer may not establish probable cause of alienage of removability, for purposes of detainer issuance, solely based on evidence of foreign birth and the absence of records in available databases (foreign-born-no match)". *Id.* Further, the policy provides that "as a matter of policy, all detainers issued by ICE must be accompanied by either: (1) a properly completed Form I-200 (Warrant for Arrest of Alien) signed by an authorized ICE immigration officer; or (2) a properly completed Form I-205 (Warrant of Removal/Deportation) signed by an authorized ICE immigration officer." *Id.*

Now Plaintiffs move for a Permanent Injunction, arguing members of Probable Cause and Statutory Subclasses continue to be subject, respectively, to arrests pursuant to detainers based solely on evidence of foreign birth and an absence of information in DHS databases and to warrantless arrest without any individualized assessment of flight risk.

## II. LEGAL STANDARD

"As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Sys. Corp. v. Peak Computer*, 991 F.2d 511, 520 (9th Cir. 1993). To justify permanent injunctive relief, a plaintiff must demonstrate: (1) that it has suffered irreparable injury; (2) that remedies available to law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a

permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391-92 (2006). Moreover, "the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts." *Id.* at 394.

### III. DISCUSSION

Plaintiffs assert that they are entitled to a permanent injunction because ICE continues to issue detainers in contravention of the Court's Order re: Summary Judgment. Plaintiffs contend "ICE has provided no mechanism to implement the supposed policy changes, nor has it taken any measures to ensure compliance from rank and file officers." Mot. at 3. To support this contention, Plaintiffs argue that the Detainer Policy does not remedy the potential harms the Subclasses may face. Plaintiffs assert, without proof, that there are still individuals subject to foreign-born no match detainers and warrantless detainers. To bolster their argument, Plaintiffs cite to a number of public reports regarding potential violations of DHS's 2017 Detainer Policy to support its position. *See, e.g.*, Bob Ortega, CNN Investigates, *ICE supervisors sometimes skip required review of detention warrants, emails show,* (Mar. 13, 2019)*, at* https://www.cnn.com/2019/03/13/us/ice-supervisors-dont-always-review-deportation-warrants-invs/index.html (last viewed June 21, 2019). Finally, Plaintiffs argue the warrants "are ineffective—and thus, practically meaningless—because they are never served by an ICE officer." Mot. at 11.

Plaintiffs arguments fail to persuade the Court that the Subclasses addressed in its Order re: Summary Judgment faces the threat of continuing violations. First, coupled with ICE's Detainer Policy, and the November 8, 2018 decision by ICE to cancel all active detainers (*see* Wlson Decl., ¶ 5), ICE has evidenced compliance with the Court's Order re: Summary Judgment. In addition, Plaintiffs' argument that ICE's warrants are ineffective comes with no supporting evidence. ICE works with LEAs to deliver the warrant to the individual in custody as a rider, accompanying the immigration detainer. In states that ICE coordinates with LEAs, this process is sufficient and once ICE actually brings the individual into their custody, the warrant is served upon the individual. At this point, the Court is not persuaded that Plaintiffs have provided support for their bare assertion that the Subclasses are still in threat of continuing violations. Without more, the Court is loath to exercise its discretion and grant injunctive relief.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for a Permanent Injunction As To Claims Decided at Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**