# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DUNCAN ROY; et al., <br><br>　　　　　Plaintiffs, <br><br>vs. <br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; et al., <br><br>　　　　　Defendants. <br>_____ <br><br>GERARDO GONZALEZ; et al., <br><br>　　　　　Plaintiffs, <br><br>vs. <br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT; et al., <br><br>　　　　　Defendants. | Case No. CV 12-09012 AB (FFMx) <br>Consolidated with: <br>Case No. CV 13-04416 AB (FFMx) <br><br>Honorable André Birotte Jr. <br><br>**JUDGMENT** |

1.

In accordance with the evidence considered at trial, the Court's Findings of Fact and Conclusions of Law, issued on September 27, 2019 (Dkt. No. 548), and the Court's Order regarding the Gerardo Gonzalez ("Gonzalez") et al. Plaintiffs' Motion for Partial Summary Judgment, issued on February 7, 2018 (Dkt. No. 346), the Court enters the following Judgment resolving all claims:

Judgment is entered in favor of Plaintiff Gonzalez and the Probable Cause Subclass[1] on their claims that Immigration and Customs Enforcement ("ICE") violates the Fourth Amendment by (1) issuing detainers based on probable-cause determinations from database searches alone (Dkt. No. 548) and (2) by issuing detainers based on probable-cause determinations from evidence of foreign place of birth and no match in a federal immigration database (Dkt. No. 346).

Judgment is entered in favor of Plaintiff Gonzalez and the Probable Cause Subclass on their claim that ICE violates the Fourth Amendment by issuing detainers to state and local law enforcement agencies in states that do not expressly authorize civil immigration arrests in state statute. (Dkt. No. 548).

Judgment is entered in favor of Plaintiffs Gonzalez and Simon Chinivizyan and the Statutory Subclass[2] on their claim that ICE violates 8 U.S.C. section 1357(a)(2) by issuing detainers without either issuing an administrative warrant

---

[1] The Probable Cause Subclass is comprised of all current and future persons who are subject to an immigration detainer issued by an ICE agent located in the Central District of California, where the detainer is not based upon a final order of removal signed by an immigration judge or the individual is not subject to ongoing removal proceedings and the detainer was issued solely on the basis of electronic database checks. (Dkt. No. 548 at 3, n.1).

[2] The Statutory Subclass is comprised of all current and future persons who are subject to an immigration detainer issued by an ICE agent located in the Central District of California, where the detainer is not based upon a final order of removal signed by an immigration judge or the individual is not subject to ongoing removal proceedings for whom ICE did not issue an administrative warrant of arrest at the time it issued an immigration detainer. (Dkt. No. 548 at 3, n.1).

or determining that a person "is likely to escape before a warrant can be obtained for [their] arrest." (Dkt. No. 346).

**WHEREAS** ICE violates the Fourth Amendment by issuing detainers for Probable Cause Subclass members based solely on federal database searches that rely upon information from sources that lack sufficient indicia of reliability for a probable-cause determination for removal (Dkt. No. 548);

**WHEREAS** ICE violates the Fourth Amendment by issuing detainers to state and local law enforcement agencies in states that do not expressly authorize civil immigration arrests on detainers in state statute, and violated the Fourth Amendment in issuing such detainers (Dkt. No. 548);

**WHEREAS** evidence of foreign place of birth and no match in a federal immigration database does not establish probable cause of alienage and removability under the Fourth Amendment (Dkt. No. 346);

**WHEREAS** ICE violates 8 U.S.C. section 1357(a)(2) when it issues detainers without either an administrative warrant or a determination that a person "is likely to escape before a warrant can be obtained for their arrest" (Dkt. No. 346);

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The federal databases that ICE relies on to issue its detainers are not reliable sources, when viewed together or on their own, for purposes of establishing probable cause of alienage and removability when an individual does not have a removal order or is not in ongoing removal proceedings.

    a. The most reliable source of information about a person's citizenship or immigration status (where a person is not subject to a removal order or ongoing removal proceedings) is the individual because some questions regarding an individual's citizenship or immigration status can only be answered through an interview. Other reliable sources of information about an individual's citizenship or immigration status are the A-File, if

       the individual has an A-File;[3] and physical copies of documents demonstrating current citizenship and/or immigration status. (Dkt. No. 548 at 23–24).

    b. Prior to issuing a detainer to any individual who has not been ordered removed, is not in removal proceedings, and has not been interviewed, and in addition to other investigatory steps an ICE agent takes as a matter of policy and/or their own discretion, ICE shall confirm the individual's identity through a biometric match.

2. Immigration detainers previously issued against members of the Probable Cause Subclass are declared null and void, and ICE shall immediately rescind all such detainers.

3. ICE, including the ICE Los Angeles Field Office and the Pacific Enforcement Response Center (the "PERC"), is permanently enjoined from issuing detainers seeking the detention of Probable Cause Subclass members to law enforcement agencies in states that lack state law permitting state and local law enforcement agencies to make civil immigration arrests based on civil immigration detainers only.

4. ICE, including the ICE Los Angeles Field Office and the PERC, is permanently enjoined from issuing detainers to Probable Cause Subclass members based solely on database searches that rely upon information from sources that lack sufficient indicia of reliability for a probable cause determination for removal.

5. Should ICE move the PERC, or any successor(s) performing the detainer functions of the PERC, to a location outside of the Central District of California, ICE shall:

---

[3] An A-File is a physical file that contains hard copy documents on a person's immigration status. A-Files are capable of painting a more robust picture of a person's immigration status than database information. They are readily obtainable by ICE to review prior to issuing a detainer, and may be delivered by expedited mail without serious difficulty. (Dkt. No. 548 at 23–24). Short of an interview, the A-File is the next best source of information about a person's citizenship and immigration status.

4.

      a. Notify the Court and the Plaintiffs in writing 30 days before any move occurs; and

      b. Continue to be bound by this injunction with respect to the detainer functions of the PERC.

**IT IS FURTHER ORDERED THAT**, to monitor and ensure compliance with this injunction,

6. Within 30 days of the entry of this Judgment, Defendants shall provide notice to local, state, and federal law enforcement agencies that could have been issued a detainer to be served on a member of the Probable Cause Subclass, informing these agencies of this Judgment, and advising them of the contents of the Court's ruling and its impact on detainers issued by ICE. This notice shall be posted prominently on ICE's website and circulated to all state and local law enforcement agencies to whom ICE issues detainers. Defendants shall specifically inform these agencies that a detainer does not provide the legal authority for a state or local law enforcement officer to make a civil immigration arrest. (Dkt. No. 548 at 30, ¶ 20).

7. Within 45 days of the entry of this Judgment, Defendants shall provide a report to the Court explaining how they complied with paragraph 6, including copies of any and all memoranda, directives, written guidance, notices, forms, and other communications made to effectuate this Judgment. Defendants' report should also include:

      a. Any additional plans they have for notifying local, state, and federal law enforcement agencies of this Judgment; and

      b. The number of detainers Defendants rescinded in compliance with this Judgment.

8. Within 90 days of the entry of this Judgment, ICE shall adopt and implement any policies, practices, trainings, and systems changes necessary to ensure consistent and effective compliance with the Court's Findings of Fact and Conclusions of Law (Dkt. No. 548) and this Judgment. ICE shall provide Plaintiffs and the Court with copies of any such policies, practices, trainings, or systems changes made.

This Court retains jurisdiction to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Order and Judgment.

**IT IS SO ORDERED.**

Dated:  February 5, 2020    _____
ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE