JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUNCAN ROY, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, *et al.*, <br><br> Defendants. | Case No.: 2:12-cv-09012-AB (FFMx) <br><br> **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS** |

Upon review and consideration of the Settlement Agreement (the "Settlement Agreement"), (Dkt. No. 608), and the exhibits attached thereto, made and entered into by counsel for the Parties, who represent that their respective clients have approved the settlement, the Court **GRANTS** final approval to the class action settlement, resolving the Motion for Final Approval of Class Action Settlement, (Dkt. No. 627), and also **GRANTS** the Motion for Award of Attorneys' Fees and Costs, (Dkt. No. 615).

The Named Plaintiffs/Class Representatives are Alain Martinez-Perez and Clemente de la Cerda. Plaintiffs are former prisoners of the Los Angeles County Sheriff's Department ("LASD"), whose claims arose from the LASD's policy of detaining inmates beyond the expiration of their state criminal charges on the basis of immigration detainers ("detainers" or "ICE holds"), which are issued by Immigration and Customs Enforcement ("ICE") for suspected immigration violations. Plaintiffs specifically challenged: 1) LASD's practice of holding inmates on detainers after they became due for release on criminal matters (i.e. after they were acquitted or otherwise ordered released by a judge, or after serving a jail sentence);  2) LASD's practice of incarcerating arrestees with bail of less than $25,000 who, in the absence of an immigration detainer, would have been released on their own recognizance pursuant to LASD policy; and 3) LASD's (disputed) practice of refusing to accept bail on behalf of inmates with immigration detainers.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

I.    **<u>The Settlement is Approved as Fair, Reasonable and Adequate under Federal Rule of Civil Procedure 23(e)(2)</u>**

1.    This Order incorporates by reference the definitions in the Settlement Agreement, a copy of which was attached to the Preliminary Approval Motion.

(Dkt. No. 608). All terms defined therein shall have the same meaning in this Order.

2.     A Fairness Hearing was held on January 7, 2022, to consider the fairness, reasonableness, and adequacy of the Settlement under Federal Rule of Civil Procedure 23(e)(2), including the application by Class Counsel for attorneys' fees and expenses.

3.     The Settlement Agreement is hereby **approved**. The Court finds that the class settlement fund of $14,000,000 and its proposed allocation, as well as the other provisions contained within the Settlement Agreement, are within the range of what would constitute a fair, reasonable, and adequate settlement in the best interests of the Class as a whole, and that the terms of the Settlement Agreement otherwise satisfy Federal Rule of Civil Procedure 23(e) and due process requirements.

4.     Class counsel invested substantial time, effort, and resources into litigating this matter. Settlement proceedings commenced only after class counsel had developed a thorough understanding of the evidence through discovery, class certification litigation, and litigation of dispositive motions. The settlement agreement was negotiated at arm's length before Antonio Piazza, an experienced mediator. The settlement represents an excellent outcome to class members, especially considering the risk of loss at trial. All class members are treated equally under the settlement agreement, except for the two class representatives who will receive modest incentive awards.

5.     The Court finds that the incentive awards of $10,000 to the two class representatives are appropriate and reasonable. The awards are hereby **approved**.

## II. Notice & Results of the Claims Process

1. The Class Administrator has performed all tasks required of it, including establishing a website and call-in numbers, posting the relevant materials to the website, mailing and emailing class notices and following up, and processing claims.

2. Due and adequate notice of the proceedings having been given to the Class, and a full opportunity has been offered to the Class to participate in this hearing. As required by this Court, the Class Administrator directed notice using mail, email, text message, and direct social media contacts, to all persons identified as Class Members. The notice given to the Class Members was fully in compliance with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

3. The Administrator issued notice to 19,923 individuals. There was a total of 1,166 unique claimants. There were 15 exclusion requests. There were also three objections, one of which was ultimately withdrawn.

4. Pursuant to the terms of the Settlement Agreement, Defendants may review the claims of any "Potential *Gerstein* Class Members" by referencing their I-247 Detainer Form. They may then determine whether these Class Members were subject to ongoing removal proceedings or a final order of removal. Defendants have agreed to notify Plaintiffs of any potential *Gerstein* Class Members whose claims they contest. Should any dispute arise regarding the approval of potential *Gerstein* Class Members, the Parties will meet-and-confer in good faith to reach a resolution. If the dispute cannot be resolved, they will submit a stipulation advising the Court of their respective positions.

5. The administrator shall preserve all written communications from Class Members in response to the Class for at least three years or pursuant to further order of the Court. All written communications received by the Claims Administrator from Class Members relating to the Settlement Agreement shall be

available at all reasonable times for inspection and copying by Counsel for the Parties. The Class Administrator will prepare a list of all rejected claims, including the reasons for rejection, and maintain the list in a case file.

### III. Late Claims

1. The Court **approves** nine late claims that were submitted since October 10, 2021. By agreement, the Parties may agree to approve any additional late claims received up to the time of distribution, without the need for further stipulation or review by the Court. Should the Parties disagree as to the approval of a claim, they shall advise the Court.

### IV. Objections

1. There were originally three objections to the Settlement Agreement, by Victor Diaz, Esteban Hernandez, and Sundiata Bakaba. Mr. Bakaba has now indicated that he would like to remain in the class. (*See* Dkt. No. 637). Therefore, the Court now addresses the objections of Mr. Diaz and Mr. Hernandez.

2. The first objection is made by Victor Diaz. Mr. Diaz seeks expungement of some criminal charges and compensation for time spent wearing an ankle bracelet. He does not object to the compensation provided for his over-detention as a result of this settlement. Expungement of criminal charges is not available as relief in a class-wide damages lawsuit, and a claim against ICE for liberty violations is beyond the scope of this lawsuit. Mr. Diaz had the option of excluding himself from the settlement in order to pursue claims against ICE independently; however, he chose not to do so. For these reasons, Mr. Diaz's objection is **overruled**.

3. The second objection is made by Esteban Hernandez. Mr. Hernandez objects on the grounds that no claims against the LAPD were included in this case, despite the fact that the LAPD was responsible for his initial arrest. Mr. Hernandez does not object to the financial terms of the Settlement Agreement. Mr. Hernandez is at liberty to independently pursue a claim against the LAPD, since this settlement only releases the County (not the City or the LAPD) from further claims arising out of this lawsuit. For this reason, Mr. Hernandez's objection is **overruled**.

### V. Payment of the Class Fund, Attorneys' Fees, Class Administration Fees and Distribution to Class Members

1. The Court **approves** total litigation costs of $257,991.04, which includes $50,000 paid to Centro de los Derechos del Migrante for transnational outreach during the notice period (advanced by Plaintiffs' Counsel).

2. The Court **approves** total administration costs not to exceed $350,000. This includes $287,360.76 for work performed before the filing of this motion.

3. The Court **approves** a fee award of $4,200,000, which is equivalent to 30% of the settlement fund. This award is justified by the fact that Plaintiffs' attorneys achieved significant results for the class and undertook lengthy and risky litigation.

4. The Court **approves** a distribution model whereby each valid over-detention claimant shall receive the maximum per day compensation of $1,000. Each no-bail notation claimant shall receive $250.

### VI. *Cy Pres* Distribution

1. The Parties have agreed that all funds not consumed by the administration costs, litigation costs, attorneys' fees, and direct payments to Class

Members shall be directed to *cy pres* distribution. Given the Court's award of $4,200,000 in attorneys' fees and costs, the resulting *cy pres* amount is $5,385,008.96. The Parties have agreed that these funds (i) may only be used to fund representation of persons facing immigration consequences because of criminal arrest or conviction in Los Angeles County, and (ii) may not be used to supplant funding already provided by the Board of Supervisors. In order to fulfill these aims, the Parties have agreed that 100 percent of the funds will be used to provide *cy pres* eligible services by the Los Angeles County Office of the Public Defender ("PD") and the Office of the Alternate Public Defender ("APD"). Moreover, these funds will be fully administered by the PD and APD.

    2.    Per the terms of the Parties' *cy pres* agreement, (*see* Dkt. No. 636), the County shall invest and utilize the *cy pres* funds within a three to five-year cycle, depending on how expeditiously each recipient is able to utilize the funds in a way that maximizes impact for clients. The funds shall be used by the PD and the APD to hire contract immigration attorneys, at-will post-bar law clerks, and contract paralegals, who will be embedded within their respective Immigration Units to provide services to persons facing immigration consequences because of a criminal arrest or conviction in the County, and who would not already receive or be eligible for such services under existing PD and APD funding.

    3.    In particular, *cy pres* funding shall be used to provide the following:

    a. Post-conviction relief (PCR) proceedings for all *cy pres* eligible PD and APD clients.

    b. Immigration and removal legal representation for all *cy pres* eligible PD and APD clients, including, but not limited to, Deferred Action for Childhood Arrivals (DACA) recipients, Special Juvenile Immigrant Status (SJIS) children, and homeless/near homeless immigrants.

    c. Immigration detention bond proceedings for all *cy pres* eligible PD and APD clients.

    d. A systematic built-in referral process for PD and APD to refer *cy pres* eligible clients to the Department of Consumer and Business Affairs' new Immigration Legal Services Program, if necessary, for referral to other County-provided support services, at no cost to the *cy pres* funds.

    e. All other immigration-related matters within *cy pres* requirements.

4. Finally, the *cy pres* funds shall be made available for use by the PD and the APD based on the proportion of total case filings handled by each of the departments, with the expectation being that seventy-five percent of the funds shall be allocated to the PD and twenty-five percent shall be allocated to the APD.

### VII. Final Resolution

1. It is hereby determined that all Class Members are bound by this Final Approval Order, except for the 15 Class Members who filed an exclusion notice, namely the following:

1. **Luis Vazquez**
Reference Number: 311712KGWRFC4
Main Number: 33110641

2. **Jorge Najera**
Reference Number: 311712HFJ9H7Q
Main Number: 32777969

3. **Enrique Ontiveros**
Reference Number: 3117122QXSSY0
Main Number: 32235037

4. **Saroeun Lanh**
Reference Number: 311712H3TQ7HG
Main Number: 32575101

5. **Sergio Sandoval**
Reference Number: 311712CPFJPQF
Main Number: 33295370

6. **Hamdi Saleh**
Reference Number: 31171287Z4N38
Main Number: 33257588

7. **Aparicio Moreno**
Reference Number: 311712M1FXFHS
Main Number: 33398223

8. **Walexsy Figueroa**
Reference Number: 31171252KJ2DN
Main Number: 33135431

9. **Salvador Panduro**
Reference Number: 311712BXVDMYV
Main Number: 4452065

10. **Jason Kim**
Reference Number: 311712HWSRJXK
Main Number: 4652791

11. **Chien Nguyen**
Reference Number: 311712G0G1Y4G
Main Number: 33267056

12. **Alex Gonzalez**
Reference Number: 3117124NFMNY0
Main Number: 32741774

13. **Vicente Lopez**
Reference Number: 311712MHV0NG8
Main Number: 32878272

14. **Carlos Duran**
Reference Number: 31171288ZGK0B
Main Number: 33008781

15. **Jorge Chavez Zuniga**
Reference Number: 311712GZP3Q8F
Main Number: 33344706

2. Only objecting class members have the right to appeal an order approving a settlement. *See Newberg on Class Actions* §14:13 (5th ed.) ("Class members who object but whose objections are rejected by the district court may seek to appeal that rejection."); *Devlin v. Scardelletti*, 536 U.S. 1, 1, 122 S. Ct. 2005 (2002) (holding that absent class members who object in a timely manner to approval of a settlement at a fairness hearing have the power to bring an appeal

without first intervening; rejecting the contention that only Named Plaintiffs and formal interveners qualify as parties).

3. This Order's issuance date constitutes the effective date of settlement. This date also constitutes the final judgment in this case. This lawsuit is therefore **dismissed, with prejudice**, and without fees or costs to any party, except as otherwise expressly provided by this Order.

4. Each and every Class Member, other than those who have opted out, hereby unconditionally, fully, and finally releases and forever discharges Defendants, their agents, servants, officers, officials, and/or employees, from further claims that arise out of the allegations raised by Plaintiffs in the complaint or any amended complaint in the lawsuit.

5. This Order is binding on all non-opt-out Class Members and their privies, and it prevents them from bringing a subsequent suit alleging the same or similar claims for relief as contained in the complaint or in any amended complaint in this lawsuit and based upon facts occurring prior to the execution of the Settlement Agreement.

6. If for any reason the settlement contemplated by the Settlement Agreement does not become effective (whether as a result of further judicial review or otherwise), this Court's final judgment and order of dismissal, including but not limited to the release of claims previously ordered, shall be rendered null and void and vacated *nunc pro tunc*; the Parties will revert to the positions they occupied prior to the execution of the Settlement Agreement; and all proceedings in connection with the settlement shall be without prejudice to the status quo ante rights of the Parties to the lawsuit. In such event, the Parties expressly do not waive, and will not be construed to have waived, any claims, arguments, objections, and/or defenses.

7. The Court retains jurisdiction to enforce the Settlement Agreement's terms, although no Party anticipates that there should be any issue regarding implementation of the Settlement Agreement.

8. From the date of this Order forward, each Party shall bear its own costs, including attorneys' fees.

**IT IS SO ORDERED.**

DATED: February 3, 2022

_____
HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE